STATE OF MAINE　　　　　　　　　　　SUPERIOR COURT
OXFORD, SS.　　　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　 DOCKET NO. RE-13-66


GLORIA CARIGNAN,

　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　MEMORANDUM OF DECISION

ROBERT RICHARD
And
PAUL DUMAS,

　　　　Defendants


　　　　This matter came on for a hearing on May 8, 2017. Plaintiff was represented by Stephen Chute, Esq., and defendants were represented by James Haddow, Esq.

　　　　The issue before the court is whether Willow Street as shown on defendants' Exhibit #1, the 1920 Ninth Additional Plan, was constructed and/or used as a way in the 1970's and 1980's so as to prevent its automatic vacation and therefore termination of the public's rights to it pursuant to 23 M.R.S.A. § 3032. *Carignan v. Dumas*, 2017 ME 15, ¶ 26.

　　　　The testimony of witnesses Brian Mulligan, Rachel Meisner, and defendant Paul Dumas have convinced the court that there were logging operations on Willow Street during the 1970's and 1980's, and that Willow Street was constructed so as to be used as a logging right of way.

Specifically, the court adopts as its findings of fact the defendants' proposed findings of fact a, b, c, d, e, f, g, h, i, j, k, l, m, n, o, p, v, and w.

Athough there was other testimony presented to the court, the court finds those facts set out in the proposed findings listed above to be the most persuasive, and essential to its conclusions set out below.

The court reaches the following conclusions of law.

1. The recording of the Ninth Additional Plan, defendants' Exhibit #1, was an incipient dedication of Willow Street to the public, thus creating a public easement over Willow Street.

2. Predecessors in interest to defendant Paul Dumas acquired a private easement over Willow Street, by virtue of their ownership of the lots depicted on the Ninth Additional Plan, and Dumas acquired those private easement rights when he acquired title to his lots.

3. The public and private easement rights over Willow Street established when the Ninth Additional Plan was recorded, were not extinguished pursuant to 23 M.R.S.A. § 3032, 3033, because Willow Street was constructed and used as a way before September 29, 1997. *Carignan v. Dumas*, 2017 ME 15, ¶ 26.

4. The portion of Willow Street between Holyoke and Salem Avenues, as shown on defendants' Exhibit #1 was constructed and used as a way before

2

September 29, 1997, and public easements rights over that part of Willow Street remain in full force and effect, and have not been vacated.

5. The private easement rights of the defendants over the portion of Willow Street remain in full force and effect and have not been extinguished.

The entry is:

Judgment for defendants.

DATED: June 23, 2017

_____
Robert W. Clifford
Active Retired Justice